**No. 22-10959-DD**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

**ADAM BROOKS,**

**Appellant**

**v.**

**CITY OF SOUTHSIDE, ALABAMA, et al., Appellees.**

---

**ON APPEAL FROM**

**The United States District Court for the Northern District of Alabama,**
**Middle Division**

---

**APPELLANT'S REPLY BRIEF**

**by *pro se* APPELLANT ADAM BROOKS**

**CERTIFICATE OF INTERESTED PERSONS &<br>CORPORATE DISCLOSURE STATEMENT<br>OF APPELLANT ADAM BROOKS**

Appellant Adam Brooks hereby certifies that the following persons or entities have an interest in the outcome of this case:

1. Anderson, Allen L. - *F&B Law Firm, P.C.*, Attorney for Appellees/Defendants *City of Southside, Alabama*; *Wally Burns*; *Blake Ragsdale*; *Christopher Scott Jones*; *Phillip Roberson*; *Keith Shannon Thomas*; *Brandon Guffey*; and *Jonathan Martin Welch*;
2. Brooks, Adam - Appellant;
3. Burns, Wally - Appellee;
4. Butler, M. Warren - *Starnes Davis Florie LLP*, Attorney for Appellee *Meta Platforms, Inc.*;
5. City of Southside, Alabama - Appellee;
6. Cusimano, Gregory Stephen - Appellee;
7. Etowah County, Alabama - Appellee;
8. Guffey, Brandon - Appellee;
9. Jones, Christopher Scott - Appellee;
10. MacKay, Jake T. - *Starnes Davis Florie LLP*, Attorney for Meta Platforms, Inc.;
11. Maze, Corey L. - United States District Judge, Northern District of Alabama;

12. McAlister, David L. - *Carr Allison Oliver & Sisson, P.C.*, Attorney for Appellee *Poore and Company, Inc.*;
13. Meta Platforms, Inc., formerly known as *Facebook, Inc*. – Appellee;
14. Poore and Company, Inc. - Appellee;
15. Ragsdale, Blake - Appellee;
16. Roberson, Phillip - Appellee;
17. Sebesta, II, Patrick E. - *F&B Law Firm, P.C.*, Co-Counsel for Appellees mentioned in paragraph 1;
18. Stott, Joseph E. - *Stott & Harrington, P.C.*, Attorney for Appellee *Gregory Stephen Cusimano*;
19. Thomas, Keith Shannon - Appellee;
20. Welch, Jonathan Martin - Appellee; and
21. Willis, Joshua A. - *Webb McNeill Walker, PC*, Attorney for Appellee *Etowah County, Alabama.*
22. With regard to Appellant Adam Brooks, in accordance with Fed.R.App.P. 26.1, Appellant certifies that no Corporate Disclosure Statement is required from this party as he is a natural person.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant would prefer to avoid oral argument.

**TABLE OF CONTENTS**

I. TABLE OF AUTHORITIES……………………………………………………..6

II. ARGUMENT…………………………………………………………………..7

III. CERTIFICATE OF COMPLIANCE……………………………………….15

IV. SIGNATURE………………………………………………………………16

## TABLE OF AUTHORITIES

**CASES**

*Doe v. City of Chicago*
360 F.3d 667 (7th Cir. 2004)……………………………………………………8

*Doe v. Frank*
951 F.2d 324 (11th Cir. 1992). …………………………………………………8

*Doe v. Stegall*
653 F.2d 180 (5th Cir. 1981)……………………………………………9, 10, 12

*Karantsalis v. Ils. Dept. of Justice*
635 F.3d 497 (11th Cir. 2011) …………………………………………………11

*Plaintiff v. Francis*
631 F.3d 1310 (11th Cir. 2011). ……………………………………………10, 11

*Southern Methodist Univ Ass'n v. Wynne & Jaffe*
599 F.2d 713 (5th Cir.1979) ………………………………………………8, 9

## ARGUMENT

Appellees attempt to paint Adam’s failure to file an amended complaint pursuant to the district court’s instruction in the denial of his second Rule 59(e) motion as an act of willful disobedience. Therefore, they conclude, the district court used its rightful authority to dismiss the case. But by ordering Plaintiff to file an amended complaint with his actual name, the district court presented Adam with a Hobson’s choice. Moreover, at that point, the case was ripe for appeal. And to have complied with the district court’s order, Adam would have necessarily forfeited an appeal. Instead, he chose to appeal.

Appellees’s argument in its brief echoes the district court’s erroneous conclusion that pursuing claims specifically related to homosexuality or transgenderism are prerequisites for transgender or homosexual litigants, respectively, to be allowed to litigate anonymously. And because Adam's claims are not directly related to transgenderism or homosexuality, merely incidental, they argue he was not entitled to anonymity. Relying on this legal error, the district court abused its discretion in denying Adam's motion to proceed anonymously. This Court should see clearly from the record that Adam has sought to proceed anonymously on the bases that he is both a closeted homosexual and closeted transgender, went through great trouble to keep those facts hidden throughout the case, and he is entitled to proceed anonymously accordingly. It is precisely

Appellant's desire to keep private the facts that he is homosexual and transgender that entitles him to litigate anonymously. Indeed, this Circuit's sister says so. (*See Doe v. City of Chicago*, 360 F.3d 667 (7th Cir. 2004) (noting that closeted homosexuals are entitled to litigate anonymously). The legal standard justifying anonymity for homosexual and transgender litigants is that homosexuality and transgenderism are matters of a sensitive and highly personal nature and are private information worthy of being protected to stay private. (*See Southern Methodist Univ Ass'n v. Wynne & Jaffe*, 599 F.2d 713 (5th Cir. 1979) (noting that homosexuality falls under the rubric of matters of a sensitive and highly personal nature and that protecting privacy in a highly sensitive and personal matter outweighs the presumption of party disclosure). *Matters of a highly sensitive and personal nature* are one of several categories identified as exceptions under which litigants can proceed anonymously. (*See Doe v. Frank*, 951 F.2d 324 (11th Cir. 1992). *Doe v. Frank* also draws out a discrete category of exceptions under which litigants can proceed anonymously, which is where plaintiffs may suffer stigma. And this Court listed homosexuality and transsexuality under that category. But no case in this Circuit holds that pursuing claims directly related to homosexuality or transgenderism are what justifies anonymity for cases involving homosexuality and transsexuality. Therefore, the district court applied the wrong legal standard in denying Adam's motion to proceed anonymously on this basis.

Furthermore, the District Court abused it discretion by applying the wrong legal standard very clearly in opposition to the explicit holding of *Doe. v. Stegall*. And Appellees have joined the court's error in chorus. In *Stegall*, this Court explicitly admonished that the 3 common factors it highlighted about cases justifying plaintiff anonymity, such as being compelled to admit criminal conduct, must not be treated as mandatory for the grant of anonymity:

> "The *Southern Methodist University Ass'n* analysis of the issue is perceptive and entirely accurate. Nevertheless, we think it would be a mistake to distill a rigid, three-step test for the propriety of party anonymity from the fact-sensitive holding in *Southern Methodist University Ass'n.* The opinion never purports to establish the three common factors it isolates as prerequisites to bringing an anonymous suit. Moreover, the cases examined in Judge Ainsworth's opinion belie the notion that a party *must* admit criminal conduct or criminal intent in order to proceed under a fictitious name. *Doe v. Stegall*, 653 F.2d 186 (5th Cir. 1981).

And it logically follows that the inverse of that last sentence does not obtain, which is that not being compelled to admit criminal conduct is more reason to not be given anonymity. Nevertheless, the instant district court committed such an error by concluding that Adam will not be compelled to admit criminal conduct and then continuing on to find that it weighed against anonymity, and, on that basis, denied him from proceeding anonymously. In this way, the district court manifested its erroneous interpretation of *Stegall*'s holding and then used that illogical, incorrect interpretation to deny Appellant from proceeding anonymously, which constitutes an abuse of discretion.

The district court and Appellees once again misuses the *Stegall* holding with respect to the nudity allegations in the instant case. In the denial of the motion to proceed anonymously, the district court concluded that the nudity allegations do not require disclosure and therefore it weighs against anonymity. Appellees claim that nude allegations are merely incidental. Appellees claim that Adam denied the existence of his nude photographs. Firstly, photographs need not be involved to justify anonymity. This Court held in *Plaintiff B v. Francis* that mere descriptions of nudity are of a “sensitive and highly personal nature.” *Plaintiff v. Francis*, 631 F.3d 1317 (11th Cir. 2011).

Secondly, Appellees’ claim that Adam denies the existence of the nude photographs is inaccurate. In the sealed motion Adam submitted to the district court, he revealed that he had sent nude photographs of himself to men in his private life but insisted that he never sent them while present at the library. And he expressed to the court his fear that Appellees may be in possession of his nude photographs and would present them to the jury falsely as having been obtained from the library’s computers. So, the nudity allegations are at the core of this suit. Furthermore, the district court too easily discounted Adam’s fears that the nudity allegations would increase public interest in finding and disseminating the photos and also would inevitably reveal that the photographs were sent to other men thereby identifying him as a homosexual, which is a fear this Court legitimized in *Francis*. In that case, this Court held that being identified as having engaged in

lesbian intercourse can bring harm to one's reputation and falls squarely within "a matter of the utmost intimacy" justifying anonymity. Axiomatic it is that male homosexuality is more severely stigmatized than lesbianism. Thus, more reason exists to grant Adam anonymity than the lesbians in *Francis* whom this Court ultimately affirmed their right to anonymity.

Appellees claim that the 11th Circuit case Adam asserted in his Rule 59(e) motions to be granted anonymity has no relevancy to the instant case and cannot be "stretched" to justify anonymity. Au contraire, the underlying analysis and conclusions this Court formed concerning the nexus between mugshots and personal privacy are perfectly relevant to this case and do in fact justify anonymity. Using the Supreme Court's explanations, this Court held that the disclosure of a mugshot constitutes an unwarranted invasion of privacy when:

> (1) the information sought implicates someone's personal privacy, (2) no legitimate public interest outweighs infringing the individual's personal privacy interest, and (3) disclosing the information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Karantsalis v. Ils. Dept. of Justice*, 635 F.3d 503 (11th Cir. 2011) quoting (*U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 762, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989).

In the instant case, Adam argued to the district court that proceeding in his own name would enable the public to find and disseminate his mugshot and eternally mark him as a criminal despite having been innocent and falsely arrested. Taking a trip back to *Doe v. Stegall*, this Court reasoned that those plaintiffs were deserving

of anonymity because the public viewed the plaintiffs with their unorthodox religious views just as disgraceful as criminals:

> Although they do not confess either illegal acts or purposes, the Does have, by filing suit, made revelations about their personal beliefs and practices that are shown to have invited an opprobrium analogous to the infamy associated with criminal behavior. Stegall, 653 F.2d at 186.

In that case, the association of criminal guilt was analogized. In the instant case, it is literal. So, Adam is even more deserving of anonymity than the plaintiffs in *Stegall*.

Finally, by Appellees' joint, glaring failure to address the district court's egregious violation of outing Adam as gay and transgender, which the district court itself recognized as erroneous and corrected upon Adam's successful motion, Appellees concede that the trial court's action was an abuse of discretion. On that basis alone, this appeal is due to be granted in Adam's favor. It is beyond dispute that involuntarily outing someone is the most obvious and most objectionable abuse of discretion. The district court recklessly outed Adam as homosexual and transgender thereby injuring him anew in its order denying him from proceeding anonymously. That action technically qualifies as intentional infliction of emotional distress and even invasion of privacy. Indeed, dragging someone out of the closet rises to the level of outrageous. More gravely, outing someone is a very dangerous matter. Countless homosexuals who as a result of being outed have committed suicide. The district court conceded the seriousness and erroneousness

of its actions in this regard and sealed its order. By involuntarily outing Adam, the district court recklessly exceeded the scope of its authority and discretion in its denial of his motion to proceed anonymously, which constitutes an outrageous abuse of discretion.

## CONCLUSION

For the foregoing reasons, this Court should reverse the district court's denial of Adam's motion to proceed anonymously, reverse the dismissal of his amended complaint, and reverse the dismissal of his suit with instructions to the district court to allow him to proceed anonymously.

Additionally, to protect his mental health, Adam moves this Court to seal the entire appeal and to issue its appellate ruling on the merits of the briefs under seal, only to the parties involved, and unpublished. Adam is a uniquely vulnerable Appellant and having an appellate ruling in the public domain even with his name omitted would nevertheless cause him severe psychological distress. Pursuing justice has been a deeply traumatizing process for him and has been made even more traumatizing by having to file an appeal. Even though his name would not be in the ruling, it would still be public, and Adam would be associated with it anonymously, which is nevertheless causing Adam to experience severe distress. Sealing the appeal and issuing its ruling under seal would relieve Adam's distress because it would enable Adam to pretend that the appeal never happened and that the district case never happened, after settlement or after trial. But being

anonymously associated with an appellate case and district case open in the public domain forever is tremendously distressing to Adam. [Also, some documents that were filed in this appeal that contain Adam's actual name are currently open and viewable by the public.] Sealing the entire appeal is in the public interest because it gives to uniquely vulnerable citizens like Adam the opportunity to obtain justice without the need to sacrifice their exceptional need for privacy.

## CERTIFICATE OF COMPLIANCE

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

*Check the appropriate box in section 1, and check the box in section 2.*

**1. Type-Volume**

✓ This document complies with the word limit of FRAP **32(g)(1)** because, excluding the parts of the document exempted by FRAP 32(f) and , this document contains **1,845** words.

or

☐ This brief complies with the line limit of FRAP because, excluding the parts of the brief exempted by FRAP 32(f) and , this brief uses a monospaced typeface and contains lines of text.

**2. Typeface and Type-Style**

✓ This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

## SIGNATURE

**Submitted this 2nd day of June, 2023**

Adam Brooks